UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION NO: 17-201** |
| | * | |
| **VERSUS** | * | **SECTION I** |
| | * | |
| **LILBEAR GEORGE ET AL.** | * | |
| | * | |

### POST-ARGUMENT JOINT MEMORANDUM OF AUTHORITIES

MAY IT PLEASE THE COURT:

Defendants Lilbear George, Curtis Johnson, and Chukwudi Ofomata file this memorandum to better address a question raised by this Court in argument on April 3, 2019. Following argument, this Court took the motions argued under advisement. R. Doc. 305.

### Procedural History

Defendants are accused in a Second Superseding Indictment of crimes pertaining to the murder of Hector Trochez in the course of an armed robbery of a Loomis armored truck and other associated crimes. R. Doc. 237. The government has noticed its intent to seek death sentences. R. Docs. 147-149.

On March 4, 2019, Defendants separately filed motions for a bill of particulars. R. Docs. 252-254. In addition, on March 8, 2019, Mr. George filed a *Motion for Bill of Particulars as to the Notice of Intent*. R. Doc. 261. On March 19, 2019, the government filed the *Government's Consolidated Memorandum in Opposition to Defendants' Motions for Bill of Particulars* ("*Opposition*"). R. Doc. 271. Mr. Ofomata filed a reply memorandum on March 29, 2019. R. Doc. 302.

On April 3, 2019 this Court heard argument on the motions and took them under advisement. R. Doc. 305. In the course of argument, the Court asked defense counsel whether there is any law specifically addressing a heightened requirement for particulars in a capital case. Defense cited *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (opinion of Stewart, Powell, and Stevens, JJ.) for the general proposition that "death is different" and that therefore, constitutional rights must be more scrupulously protected in capital cases.

## Additional Authorities

1. Guilt-Phase Reliability

In *Beck v. Alabama*, the United States Supreme Court found that the failure to instruct a jury on a lesser-included non-capital offense at the guilt phase of a capital trial unconstitutionally introduced an intolerable risk of an unwarranted conviction. 447 U.S. 625 (1980).[1] In so finding, it held that Eighth-Amendment reliability in the outcome of the sentencing phase of a capital trial also applies to the guilt phase of a capital trial:

> As we have often stated, there is a significant constitutional difference between the death penalty and lesser punishments:
>
> "[Death] is a different kind of punishment from any other which may be imposed in this country. . . . From the point of view of the defendant, it is different in both its severity and its finality. From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action. It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion."
>
> To insure that the death penalty is indeed imposed on the basis of "reason rather than caprice or emotion," we have invalidated procedural rules that tended to diminish the reliability of the sentencing determination. The same reasoning must apply to rules that diminish the reliability of the guilt determination. Thus, if the unavailability of a lesser included offense instruction enhances the risk of an unwarranted conviction, Alabama is constitutionally prohibited from withdrawing that option from the jury in a capital case.

---

[1] The Alabama death penalty statute prohibited lesser-included instructions. *Id.* at 628.

*Id.* at 638 (quoting *Gardner v. Florida*, 430 U.S. 349, 357-58 (1977) (opinion of Stevens, J.)) (footnotes omitted). Procedural rules that tend to diminish the reliability of the guilt determination at a capital trial should be invalidated.

A bill of particulars is granted "to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). In capital cases, the reliability of the guilt phase of trial is constitutionally-required. It is an additional constitutional protection not afforded non-capital defendants. Heightened reliability requires more particulars than might be granted in a non-capital case. Without clearly-articulated particulars, there is an intolerable risk of erroneous conviction due to surprise at trial or to an inability to prepare a defense with full knowledge of the charges.

2. Sentencing Reliability

Courts have regularly held that more particulars are warranted regarding gateway and aggravating factors in a capital case: *United States v. Hammer*, 2011 U.S. Dist. LEXIS 138032, at *5-9 (M.D. Pa. 2011) (greater specificity required regarding gateway and aggravating factors to meet Eighth-Amendment heightened reliability standard) (citing *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 471-72 (E.D. Pa. 2001); *United States v. Bin Laden*, 126 F. Supp. 2d 290, 304-05 (S.D.N.Y. 2001); *United States v. Cooper*, 91 F. Supp. 2d 90, 111 (D.D.C. 2000); *United States v. Glover*, 43 F. Supp. 2d 1217, 1232 (D. Kan. 1999); *United States v. McVeigh*, 944 F. Supp. 1478, 1488 (D. Colo. 1996). *See also*, R. Doc. 302 at 5.

Respectfully submitted,

/s/ Bruce G. Whitaker
Bruce G. Whittaker, No. 08339
1215 Prytania Street, Suite 332
New Orleans, LA 70130
(504) 554-8674
bruce@whittakerlaw.com

/s/ Jerrod E. Thompson-Hicks
Jerrod E. Thompson-Hicks, No. 32729
Federal Public Defender (New Orleans)
500 Poydras Street, Room 318
New Orleans, LA 70130
(504)-589-7931
jerrod_thompson-hicks@fd.org

Counsel for Lilbear George

/s/ Ralph S. Whalen, Jr.
Ralph S. Whalen, Jr., 8319
2950 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3170
Telephone: (504) 525-1600
ralphswhalen@ralphswhalen.com

/s/ William P. Gibbens
William P. Gibbens, 27225
Ian L. Atkinson,
**SCHONEKAS, EVANS MCGOEY
& MCEACHIN, L.L.C.**
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Fax: (504) 680-6051
billy@semmlaw.com
ian@semmlaw.com

Counsel for Curtis Johnson, Jr.

/s/ Frank G. Desalvo
Frank G. Desalvo, La. Bar No. 4898
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, LA 70113
(504) 524-4191
frankd@fdesalvo.com

/s/ Michael P. Ciaccio
Michael P. Ciaccio, La. Bar. No. 21428
320 Huey P. Long Avenue
Gretna, Louisiana 70053
mpc@ciaccio-law.com

/s/ Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
2563 Bayou Road, Second Floor
New Orleans, Louisiana 70119
(504) 258-6537
sottinger1010@gmail.com

Counsel for Chukwudi Ofomata

Case 2:17-cr-00201-LMA-DMD   Document 309   Filed 04/05/19   Page 5 of 5

5

## CERTIFICATE OF SERVICE

      I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 4th day of April, 2019.

                                             s/ Sarah L. Ottinger
                                             Sarah L. Ottinger