UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE, CHUKWUDI OFOMATA | SECTION I |

## ORDER & REASONS

Before the Court is defendants Lilbear George and Chukwudi Ofomata's (together, the "defendants") unopposed motion[1] to record all proceedings in this matter. In addition to courtroom occurrences, the defendants request that "all discussions of any sort concerning the case which are held in chambers" be recorded.[2]

The Court Reporters Act, 28 U.S.C. § 753(b), (the "Act") provides that "[e]ach session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim."

> Proceedings to be recorded under [§ 753] include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court [or as] may be requested by any party to the proceeding.

§ 753(b).

---

[1] R. Doc. No. 329; R. Doc. No. 376.
[2] The motion specifies a list of proceedings, which includes a catch-all item: "anything else which may transpire in the course of the case in the presence of the judge or the jury, or involve communications between any party and the judge or jury." R. Doc. No. 329, at 1. Conceivably, the request could include telephone calls.

With respect to those proceedings held in the courtroom, the defendants' request is unnecessary, as the Court is already obligated to record such proceedings. *See Veillon v. Exploration Serv., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) (explaining that the Fifth Circuit "has held that the requirements of [the] Act are mandatory, not permissive"); *see also United States v. Selva*, 559 F.2d 1303, 1305 (5th Cir. 1977) ("[A] criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial.").

The question remains, however, whether § 753(b) also requires the Court to record out-of-court proceedings, such as in-chambers status conferences, upon request. At least two circuits have suggested that the answer may be yes. *See In re Progressive Games, Inc.*, 194 F.3d 1329, 1999 WL 187639, at *1 (Fed. Cir. Mar. 1, 1999) ("[W]hen a party requests recording, the statute appears to mandate that such relief be granted."); *City of Pittsburgh v. Simmons*, 729 F.2d 953, 955 (3d Cir. 1984) ("[W]hen counsel desires to go on the record, we can find no reason for a judge to decline to do so. This is particularly true where, as here, no objection from other parties is registered."); *cf. Veillon*, 876 F.2d at 1201–02 (holding that "any error" in the lower court's refusal to grant the defendant's request that a court reporter attend a status conference was harmless because the defendant failed to demonstrate that the reporter's absence was prejudicial); *but see In re Beard*, 911 F.2d 818, 833 (4th Cir. 1987) ("Proceedings held in chambers need not be stenographically recorded.").

As a policy matter, the Court disagrees with the rigidity of requiring a record of all conversations relevant to a case. While the Court understands the importance

of transcribing in-court proceedings, there is immense value in permitting the judge and the parties to engage in less formal, in-chambers discussions.[3] Such discussions promote candid communication and collegiality among the parties and their counsel. Indeed, subjecting informal meetings to transcription may have a chilling effect. It appears that the thrust of the defendants' goal could be accomplished by memorializing the content of status conferences in a record transcribed by a court reporter immediately after the conferences are held.

Nonetheless, "it is far the better course to record . . . proceedings . . . 'as may be requested by [a] party'" than to decline the party's request, *In re Progressive Games*, 1999 WL 187639, at *1, particularly in a case such as this one, in which several defendants face the death penalty if convicted.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the status conference currently scheduled for June 20, 2019 at 7:30 A.M. is **CANCELLED.**

New Orleans, Louisiana, June 12, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[3] In the past, the Court has held numerous in-chambers conferences designed to address such matters as scheduling and discovery disputes. No substantive motions have been argued or decided at such conferences.