UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **CHUKWUDI OFOMATA** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Chukwudi Ofomata's ("Ofomata") motion[1] to bar the death penalty and strike the government's notice of intent to seek the death penalty or, in the alternative, strike the non-statutory aggravating factors from the notice of intent. For the following reasons, the motion is denied.

### I.

The allegations in the second superseding indictment are familiar to the Court. On August 31, 2018, the government filed its notice of intent to seek the death penalty as to Ofomata.[2] The notice of intent states that the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[3] Count three alleges that Ofomata and several of his codefendants, "aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to

---

[1] R. Doc. No. 853.
[2] *See generally* R. Doc. No. 149.
[3] *Id.* at 1. The government superseded its superseding indictment on February 7, 2019. *See* R. Doc. No. 237. No material changes were made to count three. *Compare* R. Doc. No. 23, at 3, *with* R. Doc. No. 237, at 3.

crimes of violence . . . , and in the course thereof caused the death of Hector Trochez through the use of firearms," and that the killing was murder because it was committed in perpetration of a robbery.[4]

The notice of intent includes five aggravating factors that the government intends to prove at the sentencing hearing to justify a death sentence for Ofomata.[5] Three of the aggravating factors are non-statutory: victim impact, other criminal conduct (murders), and other criminal conduct (substantial planning and premeditation with respect to the armed robbery at issue in this case).[6]

## II.

### A.

Ofomata offers two arguments in support of his contention that the federal death penalty and Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591–3598, are unconstitutional and that, therefore, the Court must strike the government's notice of intent to seek the death penalty against Ofomata.

Ofomata first contends that the United States Department of Justice's death penalty protocol is "shrouded in secrecy" and violates his Fifth Amendment right to due process and Sixth Amendment right to a public trial.[7] Ofomata next argues that the FDPA's relaxed evidentiary standard violates his Fifth and Sixth Amendment

---

[4] R. Doc. No. 237, at 3.
[5] *See generally* R. Doc. No. 149.
[6] *Id.* at 3. The two statutory aggravating factors are grave risk of death to additional persons and pecuniary gain. *Id.* at 2.
[7] R. Doc. No. 853-1, at 1.

rights by permitting the admission of testimonial hearsay evidence.[8] Ofomata's arguments are substantively identical to arguments previously raised by his codefendant Lilbear George ("George") and rejected by this Court.[9] Accordingly, the Court rejects Ofomata's arguments for the same reasons expressed in its order denying George's motion to declare the FDPA and the federal death penalty unconstitutional.[10]

### B.

Ofomata also moves the Court to strike all three non-statutory aggravating factors from the government's notice of intent to seek the death penalty.[11] He does not argue the impermissibility of any particular factor. Rather, Ofomata argues broadly that the sentencing jury's consideration of non-statutory aggravating factors is improper for three reasons—each of which the Court has previously considered and rejected.

Ofomata argues that a plain reading of the FDPA reveals that the law does not authorize the jury's consideration of non-statutory aggravating factors; non-statutory aggravating factors do not "constitutionally limit and guide the discretion of the jury," which allows for arbitrary and capricious death sentences in violation of the Eighth and Fourteenth Amendments[12]; and permitting the government to define non-

---

[8] *Id.* at 2–3.
[9] *See* R. Doc. No. 181-1, at 5–8; R. Doc. No. 242, at 11–14.
[10] *See* R. Doc. No. 242, at 11–14.
[11] *See* R. Doc. No. 853-1, at 4–10.
[12] Ofomata's heading for this argument references the Fifth and Eighth Amendments, while the body of the argument references only the Eighth Amendment. *See id.* at 6–7. At the conclusion of Ofomata's motion, he summarizes this argument by stating

3

statutory aggravating factors, after the alleged crime was committed, but before trial, violates the Constitution's *Ex Post Facto* Clause.[13]

Ofomata's arguments are substantively identical to arguments previously raised by George and rejected by this Court.[14] Accordingly, the Court rejects Ofomata's arguments for the same reasons expressed in its order denying George's motion to strike the non-statutory aggravating factors from the government's notice of intent to seek the death penalty against George.[15]

### III.

Accordingly,

**IT IS ORDERED** that Ofomata's motion to bar the death penalty and strike the government's notice of intent to seek the death penalty or, alternatively, strike the non-statutory aggravating factors from the notice of intent to seek the death penalty is **DENIED.**

New Orleans, Louisiana, April 15, 2020.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

that inclusion of the non-statutory aggravating factors violates the Eighth and Fourteenth Amendments. *Id.* at 10.

[13] R. Doc. No. 853-1, at 4–10.

[14] *See* R. Doc. No. 178-1, at 2–11; R. Doc. No. 236. The only discrepancy between George's motion to strike the non-statutory aggravating factors and the portion of Ofomata's motion arguing the same is Ofomata's reference to the Fifth and Eighth Amendments in the argument heading rather than the Eighth and Fourteenth Amendments. *Compare* R. Doc. No. 853-1, at 6, *with* R. Doc. No. 178-1, at 6. The Court finds the discrepancy immaterial, however, because the bodies of both arguments are substantively identical.

[15] *See* R. Doc. No. 236.