UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **CHUKWUDI OFOMATA** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Chukwudi Ofomata's ("Ofomata") motion[1] to dismiss count three of the second superseding indictment. For the following reasons, the motion is denied.

### I.

On August 31, 2018, the government filed its notice of intent to seek the death penalty against Ofomata.[2] The notice of intent states that the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[3]

Count three alleges that Ofomata and his co-defendants,

> aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence for which

---

[1] R. Doc. No. 850.
[2] *See generally* R. Doc. No. 149. The government also filed notices of intent to seek the death penalty with respect to two of Ofomata's co-defendants, Curtis Johnson, Jr. ("Johnson"), *see* R. Doc. No. 148, and Lilbear George ("George"). *See* R. Doc. No 147. The government filed an amended notice of intent to seek the death penalty as to George on June 19, 2019, *see* R. Doc. No. 147, and a second amended notice of intent to seek the death penalty as to George on July 1, 2019. *See* R. Doc. Nos. 393 & 409.
[3] R. Doc. No. 149, at 1.

they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1951(a) and 2, as set forth in Count 2 of this Second Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, and in the course thereof caused the death of Hector Trochez through the use of firearms, and the killing is murder as defined in Title 18, United States Code, Section 1111, in that the murder was committed in perpetration of a robbery affecting commerce; all in violation of Title 18, United States Code, Sections 924(c), 924(j)(1), and 2.[4]

In relevant part, § 924(c) sets forth the penalties for using or carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1). The crime of violence alleged and referenced in count three is Hobbs Act robbery, which is charged in count two.[5]

For the purposes of § 924(c)(3), a "crime of violence" is defined by what is commonly referred to as the "elements clause." *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (holding that the definition of a crime of violence offered in § 924(c)(3)(B) was unconstitutionally vague but leaving untouched § 924(c)(3)(A)). The elements clause provides that a "crime of violence" is any felony offense that "has as an element the use, attempted use, or threatened use of physical force

---

[4] R. Doc. No. 237, at 3. Because defendant Jasmine Theophile was only charged in count four of the second superseding indictment, which is not at issue in this order, the Court's reference herein to "the defendants" is to defendants Robert Brumfield, III, Jeremy Esteves, George, Johnson, and Ofomata.

Additionally, although the second superseding indictment charges the defendants with using, carrying, brandishing, and discharging firearms during and in relation to "*crimes* of violence," R. Doc. No. 237, at 3, this appears to be a typographical error: only one crime—Hobbs Act robbery—serves as the predicate offense for the § 924(c) charge.

[5] *See* R. Doc. No. 237, at 2–3.

against the person or property of another."⁶ § 924(c)(3)(A). To determine whether a crime is a "crime of violence" under § 924(c)(3)(A), courts take a "categorical approach, looking only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017).

Section 924(j)(1) provides that if, during the course of violating § 924(c), by committing a crime of violence, a defendant causes the death of a person through the use of a firearm, and the killing is murder as defined by 18 U.S.C. § 1111, the defendant may be punished by death.⁷ 18 U.S.C. § 924(j)(1).

The crime of violence alleged and referenced in count three is Hobbs Act robbery.⁸ The Hobbs Act, 18 U.S.C. § 1951, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The term "robbery" is defined therein as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the

---

⁶ The second definition, commonly called the "residual clause," covers any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). *See United States v. Reece*, 938 F.3d 630, 632 (5th Cir. 2019), *as revised* (Sept. 30, 2019) (discussing *Davis*, 139 S. Ct.).

⁷ 18 U.S.C. § 1111 defines "murder" as "the unlawful killing of a human being with malice aforethought."

⁸ *See* R. Doc. No. 237, at 2–3.

> person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). Ofomata now moves to dismiss count three on the grounds that a Hobbs Act robbery does not constitute a crime of violence under 18 U.S.C. § 924(c)(3).[9]

## II.

Ofomata presents two arguments as to why Hobbs Act robbery cannot serve as the predicate offense for a crime of violence in count three. First, Ofomata argues that because a Hobbs Act robbery potentially encompasses a robbery where the victim was placed in "fear of injury" but no violence was used upon him or her, Hobbs Act robbery cannot categorically be a crime of violence.[10] Second, Ofomata argues that the use of a weapon "cannot be considered" when determining whether a Hobbs Act robbery is categorically—that is, "in the abstract"—a crime of violence.[11]

Ofomata concedes that Fifth Circuit precedent recognizes Hobbs Act robbery to be a crime of violence.[12] But he points to Fifth Circuit caselaw that distinguishes between threatened harm and a defendant's threatened use of force. *See United States v. Cruz-Rodriquez*, 625 F.3d 274, 276–77 (5th Cir. 2010) (holding that making a criminal threat was not a crime of violence under an immigration statute); *United States v. Ortiz-Gomez*, 562 F.3d 683, 687 (5th Cir. 2009) (holding that a Pennsylvania terroristic-threat offense statute was not a crime of violence). The Fifth Circuit's

---

[9] R. Doc. No. 850-1, at 1.
[10] *Id.* at 2–3 (citing *United States v. Smith*, 66 F.3d 319 (5th Cir. 1995) (per curiam)).
[11] *Id.* at 3.
[12] R. Doc No. 850-1, at 2 n.1.

4

recognition of this distinction in those cases, he asserts, shows that including Hobbs Act robbery as a crime of violence under § 924(c)(3)(A) would sweep in too much.

The government counters that "[t]he fact that a Hobbs Act Robbery can be committed in different ways, with or without a firearm is irrelevant."[13] Significant, instead, the government notes, is that "[t]he Fifth Circuit has exhaustively addressed this issue and ruled that a Hobbs Act Robbery is in fact a crime of violence."[14]

Ofomata's arguments are unavailing. As the Court previously explained in its order and reasons denying George's motion to dismiss count three of the second superseding indictment,[15] and as the government states,[16] the Fifth Circuit has expressly held that Hobbs Act robbery is a "crime of violence" that falls within the ambit of § 924(c)(3)'s elements clause. *See Buck*, 847 F.3d at 275 (upholding a district court ruling that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *aff'd in part, vacated in part, remanded on other grounds*, 139 S. Ct. 2319 (2019) (same); *United States v. Curtis*, 755 F. App'x 435, 436 (5th Cir. 2019) (same); *United States v. Bell*, 680 F. App'x 329, 330 (5th Cir. 2017) (same).

Indeed, the Fifth Circuit has declined to consider Ofomata's general argument in light of its previous holdings, stating:

> The first question is whether *Dimaya* affects Defendants' convictions on Count Seven for illegally using or carrying a firearm in relation to a crime of violence, that is, Hobbs Act robbery. *See* 18 U.S.C. § 924(c). The

---

[13] R. Doc. No. 937, at 2.
[14] *Id.*
[15] R. Doc. No. 244.
[16] R. Doc. No. 937, at 3–4.

> conviction depends on whether Hobbs Act robbery is a "crime of violence[.]" . . . Defendants urge us to extend *Dimaya* to reconsider our precedent on this question. In *United States v. Buck*, we held that "[i]t was not error—plain or otherwise—" to classify Hobbs Act robbery as a crime of violence under the § 924(c) elements clause, citing cases in the Second, Third, Eighth, Ninth, and Eleventh Circuits. 847 F.3d 267, 274–75 (5th Cir.), *cert. denied*, . . . 138 S. Ct. 149 . . . (2017). Nonetheless, Defendants argue that Hobbs Act robbery can be committed without the use, attempted use, or threatened use of physical force, because "fear of injury" is included in the definition of robbery. . . .
>
> We decline to extend *Dimaya*'s holding that far. . . . *Dimaya* only addressed, and invalidated, a residual clause mirroring the residual clause in § 924(c); it did not address the elements clause. Whatever arguments may be made opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of *Buck*.

*Davis*, 903 F.3d at 484–85; *see also United States v. Bowens*, 907 F.3d 347, 353–54 (5th Cir. 2018) ("We have reiterated *Buck* in at least five cases. Accordingly, we reject [the defendant's] contention that Hobbs Act robbery fails to qualify as a [crime of violence] predicate.").

Furthermore, Ofomata's concerns about the alleged utilization of a weapon influencing whether Hobbs Act robbery is considered a crime of violence are inapposite.[17] The use of a weapon is no part of the Fifth Circuit's reasoning in concluding that Hobbs Act robbery is a crime of violence for purposes of § 924(c)(3)(A). *See, e.g., Buck*, 847 F.3d at 274–75. Ofomata's arguments to strike count three, therefore, fail.

### III.

Accordingly,

---

[17] *See* R. Doc. No. 850-1, at 3.

**IT IS ORDERED** that Ofomata's motion to dismiss count three of the second superseding indictment is **DENIED.**

New Orleans, Louisiana, July 20, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**