UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 17-201 |
| LILBEAR GEORGE, ET AL. | * | SECTION "I" |

**JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME
TO FILE MOTIONS FOR SEVERANCE**

COME NOW LILBEAR GEORGE, CURTIS JOHNSON and CHUKWUDI OFOMATA, through undersigned counsel, and respectfully request that this Court reset the deadlines for severance motions, setting motions seeking **guilt-phase severance for August 28, 2020**, and setting motions seeking **penalty-phase severance for 60-days prior to trial**. This would vacate the deadlines set forth in R. Doc. 1065. **The government does not oppose this request.**

Mr. George, Mr. Johnson, and Mr. Ofomata respectfully request that the deadline for guilt-phase severance motions be reset to August 28, 2020. The parties agree that this important issue should be considered in the near future. This deadline will allow the parties to more effectively litigate this complex and consequential issue. In particular, an August 28 deadline allows the parties time to consult and collaborate with each other. It also allows counsel the opportunity to consult directly with each client to ascertain their position as to several issues central to guilt-phase severance, including the right to testify on their own behalves, and their right to partially or totally concede guilt at the first phase of trial. While additional issues may well require additional severance litigation as the case progresses, the defendants believe it is possible to litigate existing guilt-phase severance issues by this deadline.

By contrast, the parties cannot effectively brief the issues involved in penalty-phase severance at this time. Mr. George, Mr. Johnson, and Mr. Ofomata respectfully request that the

deadline for such motions be reset for 60-days prior to trial. This generous extension is essential because at this time the parties simply do not have the information necessary to effectively litigate the issues involved. As this Court has held, such specificity is essential to make the case for severance:

> "Generic allegations of prejudice will not suffice" as grounds for severance. *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018). . . . [A] defendant moving for severance bears the burden of showing that "specific and compelling prejudice," of a type against which the trial court cannot protect, would arise if the defendants are tried jointly. Thomas, 627 F.3d at 157 (quoting United States v. Lewis, 4 76 F.3d 369, 384 (5th Cir. 2007)).

R. Doc. 537 at 5. Indeed, even before last week's order, the defendants had been cooperating to devise a litigating plan for severance issues. That effort disbanded with the conclusion that penalty phase severance litigation was not yet possible.

    First, and most basically, this is because much of the information needed to litigate penalty phase severance has yet to be developed. As this Court is aware from ex parte budget submissions, each of the defense teams has significant penalty-phase work remaining, and each has seen vast portions of that work stalled in the midst of the COVID-19 pandemic. Experts identified in those plans have not yet been retained, witnesses have not yet been contacted, and records collection work remains ongoing. This leaves the parties functionally unable to provide each other with useful information about potential grounds for penalty-phase severance.

    There is a second, larger hurdle—the defense teams have each decided that it is not in their client's best interest to share what little penalty-phase information now exists. While the teams have long cooperated pursuant to a joint defense agreement, that cooperation expressly *excludes* information related to each client's penalty phase case. These positions reflect counsel's understanding that any joint penalty phase is likely to be a deadly zero-sum game of relative

culpability. Upon realizing that unwillingness to share mitigation information would prevent the defendants from raising penalty phase severance, the defense teams reached a compromise wherein the issue of information sharing would be revisited nearer to trial. At that point the parties would be better positioned to litigate penalty-phase severance.

Resetting the severance deadlines is necessary to adequately litigate these issues. Unlike many traditional pretrial motions, this category necessarily involves complex constitutional and structural questions, and the jurisprudence on several of the issues calls for time-consuming systemic analyses. More time is necessary to effectively litigate on behalf of Mr. George, Mr. Johnson, and Mr. Ofomata in order to preserve their rights should the government succeed in its quest to convict and condemn any or all of them to death.

**WHEREFORE**, for the foregoing reasons and any others appearing to this Court, Mr. George, Mr. Johnson, and Mr. Ofomata, without opposition by the government, respectfully request that this Court reset the deadlines for filing motions seeking severance.

Respectfully submitted,

*/s/ Bruce G. Whittaker*
Bruce G. Whittaker, No. 08339
1215 Prytania Street, Suite 332
New Orleans, LA 70130
(504) 554-8674
bruce@whittakerlaw.com

*/s/ Jerrod E. Thompson-Hicks*
Jerrod E. Thompson-Hicks, No. 32729
Assistant Federal Public Defender

*/s/ Ada A. Phleger*
Ada A. Phleger, No. 32922
Research & Writing Specialist

500 Poydras Street, Suite 318
New Orleans, LA 70130
(504) 589-7931
jerrod_thompson-hicks@fd.org
ada_phleger@fd.org

*Counsel for Lilbear George*

*/s/ Ralph S. Whalen, Jr.*
Ralph S. Whalen, Jr., No. 8319
2950 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3170
Telephone: (504) 525-1600
ralphswhalen@ralphswhalen.com

*/s/ William P. Gibbens*
William P. Gibbens, No. 27225
Ian Lewis Atkinson
SCHONEKAS, EVANS MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Fax: (504) 680-6051
billy@semmlaw.com
teva@semmlaw.com

*Counsel for Curtis Johnson, Jr.*

*/s/ Frank G. Desalvo*
Frank G. Desalvo, La. Bar No. 4898
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, LA 70113
(504) 524-4191
frankd@fdesalvo.com

*/s/ Michael P. Ciaccio*
Michael P. Ciaccio, La. Bar. No. 21428
320 Huey P. Long Avenue
Gretna, Louisiana 70053
mpc@ciaccio-law.com

*/s/ Sarah L. Ottinger*
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
2563 Bayou Road, Second Floor
New Orleans, Louisiana 70119
(504) 258-6537
sottinger1010@gmail.com

*Counsel for Chukwudi Ofomata*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Bruce G. Whittaker*
Bruce G. Whittaker, No. 08339