UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE, CURTIS JOHNSON, JR., AND CHUKWUDI OFOMATA | SECTION I |

## ORDER

Before the Court is the parties' joint motion[1] to submit a Seventh Amended Scheduling Order. For the following reasons, the Court denies the motion and orders the parties to submit, no later than February 17, 2021, an Eighth Amended Scheduling Order, which shall comply with the instructions below.

The defendants asked for the Court's permission to submit this revised scheduling order after explaining that they (1) did not believe the prior scheduling order(s) served "as an agreement by the defendants" to make certain pretrial disclosures,[2] and (2) had "discovered other oversights that need to be addressed" in a new version.[3] They did not, however, elaborate on what those other oversights were.

---

[1] R. Doc. No. 1297.
[2] This argument is incredible for two reasons. First, the scheduling order's plain language at times clearly indicates that it would impose a disclosure obligation—*e.g.*, "[t]he defendants *shall submit* their proposed . . . witness and exhibit lists *to the government*." R. Doc. No. 952, at 3. What else could that mean? Second, other portions of the scheduling order show that the defendants know how to draft in a way that hedges their obligations—*e.g.*, "[t]he parties dispute whether the defendants are required to" make certain disclosures. *Id.* at 5. Why the defendants did not do that for every reasonably disputed portion of the order, the Court does not know.
[3] R. Doc. No. 1286, at 2.

1

In response, the Court allowed the parties to submit a revised Seventh Amended Scheduling Order—and it gave them a week longer than requested.[4] It also ordered that, "[t]o the extent counsel cannot agree on portions of the revised order, they shall explain, in writing, the nature of the disagreement and the legal bases for their respective positions."[5]

What the Court envisioned was a *comprehensive* re-draft of the prior scheduling order—a new proposed order that neatly addresses *every* category of disclosure applicable in this case and lists when each is due (or why it is no longer due). To the extent the parties disagreed (either on when or if a category is due), the Court invited them to explain why. And to the extent a category previously delineated in a prior scheduling order need not be included anymore, the parties should have explained why. The obvious purpose of such a comprehensive scheduling order—like any scheduling order—is to ensure that everyone is on the same page as to what things are due, when. In a case with stakes as high as this one, that level of clarity is essential.

The proposed Seventh Amended Scheduling Order falls woefully short. For example, although the basis for this re-draft was the defendants' "oversights," they did not (and have not) explain(ed) what those oversights were. The Court is left to wonder whether all those oversights were addressed in the re-draft—or, instead, whether additional oversights may be discovered in the future. To make matters

---

[4] *See* R. Doc. No. 1290, at 3 (ordering submission by January 22, 2021); R. Doc. No. 1286, at 2 (requesting submission by January 15, 2021).
[5] R. Doc. No. 1290, at 3.

worse, the revised order leans in part on the Fifth Amended Scheduling Order—stating that the Seventh Amended Scheduling Order applies only to "matters remaining open under the Fifth Amended Scheduling Order" and that "all prior orders and deadlines [are] to remain in effect unless otherwise stated herein or otherwise ordered by the Court."[6] That approach, while sometimes appropriate, is a recipe for confusion in a case like this—where the parties have disputed a number of disclosures, where there have been five adopted scheduling orders, and where trial has been continued from the date on which the prior scheduling order was based.[7]

Everybody involved with this case must be on the same page as to which disclosures must be made and when they must be made. Accordingly, the Court will order the parties to submit a revised Eighth Amended Scheduling Order correcting these deficiencies. ***This scheduling order will supersede all prior scheduling orders in this case***. The parties must therefore ensure that every relevant deadline and disclosure category is addressed in the revised scheduling order. To ensure that is the case, the parties shall address, at the very least, *every* category provided in the Fifth Amended Scheduling Order.[8]

---

[6] R. Doc. No. 1297-1, at 1.
[7] *See, e.g.*, R. Doc. No. 1279, at 8 (government's response to the Court's order for clarification) (citing to the Fifth Amended Scheduling Order apparently to argue that January 4, 2021 remained a valid deadline for certain pretrial disclosures—even though trial had, by that point, been continued until June); *see also* R. Doc. No. 1290, at 2 n.8 (noting the Court's confusion as to why the government cited the January 4 deadline).
[8] *See* R. Doc. No. 952. The categories addressed in the Fifth Amended Scheduling Order were: Discovery; Brady Material; Jencks Act and *Giglio*; Motions *in Limine* and Pre-Trial Evidentiary Motions; Stipulations; Witness and Exhibit Lists – Guilt Phase; Witness and Exhibit Lists – Penalty Phase; Rule 1006 Exhibits; Proposed Jury

It may be that certain disclosure categories, at this stage of the case, need not be addressed in the Eighth Amended Scheduling Order (perhaps because the deadline for disclosure has already passed, the disclosure was already made, or for some other reason). Where that is the case, the parties are *not* to omit that category altogether. Rather, the parties shall clearly explain why that disclosure (or disclosures) need not be included in the Eighth Amended Scheduling Order.

As for when the Eighth Amended Scheduling Order is due: the defendants intend to file a reply, which supports their motion[9] to review the U.S. Magistrate Judge's order denying their request for immediate production of *Brady* material, no later than February 10, 2021.[10] Since the scheduling order implicates that issue, the parties shall submit the Eighth Amended Scheduling Order no later than February 17, 2021. If the Court has not yet ruled on the defendants' motion by the time the proposed revised scheduling order is filed, the parties shall (as they have before) indicate that in the revised scheduling order.

Accordingly,

**IT IS ORDERED** that the joint motion to enter the proposed Seventh Amended Scheduling Order is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall submit a revised Eighth Amended Scheduling Order no later than **WEDNESDAY, FEBRUARY 17, 2021**.

---

Selection Procedures; Jury Questionnaire; Proposed Jury Instructions; Guilt Phase Experts; Disclosure of Non-Mental Health Experts and Notice of Mitigating Factors at the Penalty Phase; and Rule 12.2 Procedures – Mental Health. *Id.*
[9] R. Doc. No. 1278.
[10] R. Doc. No. 1300.

That revised order will supersede all prior scheduling orders issued in this case, and it therefore shall address, at the very least, every category addressed in the Fifth Amended Scheduling Order.[11] To the extent disclosure of any of those categories is no longer sought, the parties shall explain why in a concise statement for each category. To the extent the parties are unable to agree on any portion of the revised order, they shall explain in detail the nature of their disagreement and their respective positions.

New Orleans, Louisiana, January 29, 2021.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[11] *See supra* note 8 and accompanying text.