UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 17-201 |
| LILBEAR GEORGE, ET AL. | * | SECTION "I" |

## MOTION AND INCORPORATED MEMORANDUM TO COMPEL DISCOVERY

COMES NOW CHUKWUDI OFOMATA, through undersigned counsel, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Fed. R. Crim. P. 16, and respectfully moves this Court to order that the government immediately provide *all* Rule 16 discovery. Mr. Ofomata's trial is scheduled to commence on June 7, 2021. He cannot possibly prepare adequately for trial when the government has not produced material to which he is entitled.

### Multiple and Repeated Requests for Discovery

Most of the discovery sought herein was requested at least a year ago. On March 27, 2020, counsel sent the government four letters requesting discovery. Ex. 1. The first of the letters addressed discovery regarding an alleged 2008 murder that the government intends to introduce at sentencing. Ex. 1 at 2-3. The second addressed discovery previously requested and not provided. Ex. 1 at 4-8. The third addressed follow-up to discovery provided. Ex. 1 at 9-10. The final letter requested discovery not previously requested—although it also qualifies as Rule 16 discovery. Ex. 1 at 11-14.

In response to these comprehensive requests, on July 3, 2020, the government provided 18 pages of discovery, all concerning examinations and tests covered by Rule 16(a)(1)(F), and all

involving work performed between 2014 and 2016. Ex. 2. Mr. Ofomata first requested that all Rule 16(a)(1)(F) material be provided on April 18, 2018. Ex. 6. at 4-8.

On July 22, 2020, the government responded to requests for discovery sought in one of the four March 27, 2020 letters—the letter addressing discovery previously sought and not provided. Ex. 3; *see also* Ex. 1 at 4-8. It provided three items, one of which was a legible copy of previously-provided discovery. Ex. 3 at 1.

On December 18, 2020, counsel for Mr. Ofomata reminded the government that it had not responded to two of the March 27, 2020 discovery letters. Ex. 4 at 3-9. Counsel notified the government that they were unsatisfied with its response and also requested that the government provide material it promised to provide in its July 22, 2020 response. Ex. 4 at 1-3. A second December 18, 2020 letter made new requests for discovery, asking that it be produced by January 4, 2021.Ex. 4 at 10-12.

On February 5, 2021, counsel sent a reminder letter regarding requests made on December 18, 2020 (including previously-requested discovery) to which the government had not responded. Ex. 5.

Most of the requests involve discovery pertaining to the guilt phase of trial, which is scheduled to commence on June 7, 2021, in less than two months.

### Rule 16 Discovery

Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) requires the government to disclose certain specified items that are necessary for the defense to prepare for trial. Federal Rule 16 reflects its drafters' view that broad discovery contributes to the fair and efficient administration of criminal justice by providing a defendant with enough information to, *inter alia*, minimize the undesirable effect of surprise at the trial and otherwise contribute to an accurate determination of

guilt or innocence. Fed. R. Crim. P. 16 advisory committee's note to 1975 amendment. The Rule provides for discovery to the defense of specific categories of evidentiary material, including, *inter alia*, books, papers, documents, photographs, data and tangible objects, as well as results or reports of physical examinations, scientific tests, or experiments. Fed. R. Crim. P. 16(a)(1)(E) & (F). Such items must be produced if: (1) the requested evidence is material to preparing the defense, (2) the government intends to use the item in its case-in-chief at trial, or (3) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Materiality is not limited to favorable or exculpatory evidence. Rather, it encompasses evidence that is helpful to the *preparation* of a defense by permitting the accused to conduct an investigation to 1) attempt to discredit evidence the government may present at trial; or 2) not present a defense which is undercut by such evidence. *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998). *See also United States v. Armstrong*, 517 U.S. 456, 462 (1996) (explaining that Rule 16's phrase "material to the preparation of the defendant's defense" means "the defendant's response to the Government's case in chief").

Discovery has been ongoing in this case since December 2017. Mr. Ofomata and his codefendants have repeatedly litigated provision of Rule 16 discovery. R. Docs. 115, 361, 411, 421-22, 551, 800. An additional 62 requests to which the government has not responded or has erroneously refused to respond must be compelled by the Court.

### Discovery Which Must Be Compelled

#### A. March 27, 2020 Request for Discovery Previously Requested

On March 27, 2020, Mr. Ofomata re-requested discovery previously requested but never provided. Ex. 1 at 4-8. On July 22, 2020, after responding to some of the requests, the government said responses to other items were forthcoming. Since that time, and even with

reminder letters on December 18, 2020, Ex. 4 at 1-3, and February 5, 2021, Ex. 5, the government has not produced the following items, numbered below by the numbering in the request letter:

1) Pursuant to rule 16 (a)(1)(I)(iii) documentation for all examinations or testing performed on, or with, any firearm, bullet, magazine or casing, seized from, or is attributed to, any defendant and related matter(s).  Documentation includes, but is not limited to NIBIN reports, IBIS reports, ballistics examinations, firearms testing, results, FD-597, (NOPD) chain of custody or similar for the following:
    c) Charter 2000 Revolver & .38 spent casings (#1B188);
    d) Any additional guns seized from and/ or attributed to any defendant.

Ex. 1 at 4. On July 22, 2020, the government promised regarding 1(c) that it would "tender report(s) related to this firearm and casings should a report exist" and regarding 1(d), first, that firearms and/or ballistics evidence existed pertaining to "NOPD items D- 05086-16, B-10192-16, the Charter 2000 Revolver attributed to defendant Esteves, and firearms recovered from the residence of C. W." and second, that "[a]ny additional reports relative to firearms and ballistics which have not been tendered, will be tendered in a subsequent discovery production." Ex. 3 at 1. **Mr. Ofomata requests that the government be ordered to respond as to whether and what discovery is still outstanding and requests that any outstanding discovery be produced immediately.**

2) Pursuant to rule 16 (a)(1)(I)(iii), scientific reports of *all* forensic examination, testing and results. Identified reports which are missing include, but are not limited to the following:
    a) Louisiana State Police Crime Laboratory Scientific Analysis Reports numbers: SP-014869-13-<u>0003</u>, SP-014869-13-<u>0005</u>, SP-014869-13-<u>0006</u>, SP-014869-13-<u>0007</u>, SP-014869-13-<u>0011</u> and any reports performed subsequent to SP-014869-0012 or after 11-01-2019;
    e) Fingerprint testing/results associated with evidence item 1B134 (2 magazines and 60 live rounds with latent prints – associated with AK-47);
    f) DNA testing/results associated with evidence item #B146 (4 DNA swabs from 7.62 x 39 Tulammo live cartridges, Tarco magazine, Moe P. Magazine 7.62 x 39 seat and bottom-associated with NOPD item #D-05086-16).

Ex. 1 at 5. After providing the first and third reports requested in 2(a), the government responded that the second and fourth reports requested do not exist. Regarding 2(e) and 2(f), the government responded that it would "tender report(s) should a report exist." Ex. 3 at 2-3. It has failed to either address the existence of or turn over **SP-014869-0011 or any reports subsequent to SP-014869-012 or after 11-01-2019 requested in 2(a). It has failed to address the existence of material requested in 2(e) and 2(f). Mr. Ofomata requests that the government be ordered to ascertain and respond whether the requested materials exist, and if they exist, turn over the requested materials immediately.**

8) Please provide any additional applications for warrants and any responses/returns that pertain specifically to property/evidence thought to belong to or associated with Chukwudi Ofomata directly, excluding buccal swab(s) previously tendered.

Ex. 1 at 7. The government previously promised on May 21, 2019 that it would move to unseal applications for search warrants and that "any additional items that are under seal [not already provided] will be presented to counsel, with the exception of Jencks Act material." Ex. 3 at 3. **Mr. Ofomata requests that the government be ordered to respond as to whether and what applications for warrants and returns are still outstanding and requests that any outstanding discovery be produced immediately.**

9) Notes and administrative paperwork from witness interviews conducted by FBI including, but not limited to, notes from Faren Laurence Washington interview on 02-26-2016 and FD-395 Form.

Ex. 1 at 7. The government responded on July 22, 2020 that "to the extent additional statements need to be provided, the government will tender the statements of witnesses." Ex. 3 at 3. **Mr. Ofomata requests that the government be ordered to respond as to whether it believes it**

**has an obligation to produce the requested material, and should the court determine that it does, that the government provide it immediately.**

Additionally, the government wrongly refused to provide the following discovery, also requested on March 27, 2020 (and previously requested), and numbered below by the numbering in the request letter:

4) All 302s and Grand Jury testimony pertaining, but not limited, to: Marquita Theophile, Cedric Wade, Lydell Hinton, Jamell Hurst, Quincy Jynes, Clarence "Smurf" Singleton, India Bell, and SA Rayes.

Related to informants, the government stated in letter dated May 21, 2019 the government will not disclose 302 reports that reveal the identity of government informants or cooperating witnesses. However, Informant identities have been disclosed at the non-capital defendants' trial.

Ex. 1 at 6. The government responded that the 302s requested are Jencks Act materials which would be tendered in accordance with the scheduling order.[1] Regarding grand jury transcripts, the government stated that it "will make *Brady* disclosures, should they exist, upon learning of the information and at a time which permits defense counsel to make use of the information." Ex. 3 at 3.

The government is incorrect in stating that the 302s are covered by the Jencks Act. *See* R. Doc. 1232 at 44 (Judge Africk finding, pursuant to 18 U.S.C. § 3500, that 302s are not covered by Jencks Act unless a witness "authored the reports or they are verbatim (or near-verbatim) summaries of [a witness's] testimony"). Furthermore, the government responded that should *Brady* material exist in grand jury testimony, "upon learning of the information *and at a time which permits defense counsel to make use of the information*," it would turn it over. But the government has agreed to turn over *Brady* material "immediately." R. Doc. 1329 at 2.

---

[1] The current scheduling order provides that Jencks Act material be provided no later than May 24, 2021. R. Doc. 1329 at 2.

**Mr. Ofomata requests that the government be ordered to turn over the 302s requested and *Brady* material contained in grand jury testimony immediately.**

5) Related to Chase Bank Surveillance videos from 12-18-2013, missing copies of enhanced video and examination results/ reports for evidence items #1B159. Or alternatively, clarify the evidence item # which correspond to the videos previously produced at Bates 000467 and Bates 032538.

   *Please Note the following evidence item descriptions:*
   − Evidence item #1B158 description is: *(U) One (1) DVD copied from surveillance video in packet 1A20. FBI Laboratory #HQQ013577.*
   − Evidence item #1B159 description is: *(U) FBI Lab #: HQQ013034 Derivative Evidence- One (1) DVD, Examination Results Copy containing enhanced videos & two (2) DVDs containing enhanced videos.*

Ex. 1 at 6. The government responded that it is not in possession of an enhanced surveillance video and that it has provided the video it has in discovery. Ex. 3 at 3. The answer is non-responsive. **Mr. Ofomata requests that the government be ordered to explain how it is that only one video exists when there are two evidence items, containing a total of four DVDs, and further, to answer the question regarding which one of the evidence items was provided to him in discovery.**

10) Documents, videos or photographs related to surveillance of residence of Floyd R. Domino Jr. including the original notes which were maintained via 1A envelope (Bates #000629). Also, missing "info re: Floyd Domino and Miriam Gibson" which was not included in 07-02-2019 production as indicated in correspondence (in response to surveillance of 235 Santos St @ Bates #000627).

Ex. 1 at 7. The government responded that the requested information is "not relevant to this investigation. The government does not intend to use this documentation at trial." Ex. 3 at 3. The information *is* relevant to defense's ongoing investigation, and indeed, the government has already provided partial information in discovery, as indicated in the request. **Mr. Ofomata requests that this Court order the government to produce the requested discovery pertaining to Floyd Domino and Miriam Gibson.**

12) Subpoena return served on JP Morgan Chase Bank related to cards seized or attributed to Jasmine Theophile (Loomis000286-289).

Ex. 1 at 7. The government responded that it "is not in possession of the requested documentation." Ex. 3 at 3. The subpoena was served by NOPD, a law enforcement agency involved in the investigation of this case. Regardless of whether the US Attorney is in possession of the information, it should be produced by the government. **Mr. Ofomata requests that the government be ordered to produce the cards seized or attributed to Jasmine Theophile pursuant to the NOPD subpoena.**

### B. March 27, 2020 New Requests for Discovery

On March 27, 2020, Mr. Ofomata also requested additional discovery not previously requested:

1) All documents and objects in or associated with FBI case #31E-NO-2812506 (which was consolidated to this case file #192C-3904085 re: serial #410 as noted on Bates #034381) that are material to preparing the defense, or that the government intends to use at trial, or that belong to Mr. Ofomata and/or his codefendants.

2) All documents and objects in or associated with FBI case #192C-NO-3904085- <u>AUTOSHOPHOMICIDE</u> (noted on Bates #049081) that are material to preparing the defense, or that the government intends to use at trial, or that belong to Mr. Ofomata and/or his codefendants.

3) All documents and objects in or associated with FBI case #192C-NO-3904085- <u>LSPGUNDRUG</u> (as noted on Bates #044444) that are material to preparing the defense, or that the government intends to use at trial, or that belong to Mr. Ofomata and/or his codefendants.

4) The government previously provided a listing of all lB items (#1Bl-#1B161) in evidence including the descriptions for case #192C-NO-3904085 in anticipation of in person evidence inspection that took place in June 2019. Please produce updated listing with description for any lB items that have been added since review in June/subsequent to evidence item #1B161. Please note, we will request follow up visit to review any new evidence items closer to trial.

5) In discovery already produced, there are several references to certain items

8

placed in lA envelopes and/or lA section of this case file. Please provide listing with description of all items and copies and photos for any rule 16 contents that is contained therein.

6) All evidence, documents, reports for all aggravating factors which the governmentintends to introduce at the penalty phase of trial.

7) Any discovery produced under seal to non-capital codefendants.

8) Four pages provided by Loomis employee Durrell Pellegrin during non-capital codefendants' trial which are route reports identifying the driver/messenger for route.

9) Recordings of any conversations of FBI, AUSA, ATF, or any other law enforcement agency, with informants, plea deals related to this matter, a defendant in this matter orwitness who may testify in this matter.

10) Recordings of jail calls of all informants. Known informants include Cedric Wade,Jamell Hurst and Lydell Hinton.

11) 302's of all interviews during the investigation with witnesses and informants notpreviously tendered, including all internal notes and recordings.

12) Documentation of all NCIC information requests for all infonnants (including, but not limited to Cedric Wade, Jamell Hurst and Lydell Hinton) which indicate date, time, identity and requesting authority and all returned information thereof.

13) Copy of signed Federal Search Warrant (including Affidavit in support of Application) for Cedric Wade's home on 1474 N. Roman Street executed in July 2016.

14) Photographs and documents pertaining to all items seized during the execution of thesearch warrant at 1474 N. Roman Street in July 2016.

15) For all firearms and ammunition which were seized from Cedric Wade, owned or attributed to Cedric Wade during the process of this investigation, provide all reports of testing, examination and results including but not limited to NIBIN reports, IBIS reports, ballistic and firearms testing/ results, ATF trace reports, police reports, reports related to DNA and print testing.

16) All investigatory reports and communications pertaining to Cedric Wade, including but not limited to police reports, search warrants, 302's, forensic testing.

17) Photographs shown to Jamell Hurst of co-defendants and other individuals in

connectionwith this investigation.

18) Documentation including photographs, notes, summaries, recordings or similar which were developed from the late April 2014 ride where Agent Elmer and Jamell Hurst drovearound the city pointing out notable locations.

19) All audio recordings of meeting(s) with Jamell Hurst and authorities.

20) All audio of phone conversations recorded from the cell phone issued to Jamell Hurst bythe FBI or any other law enforcement agency.

21) Documentation and information related to this cell phone provided to Mr. Hurst by the FBI or any other law enforcement agency including phone number, type of phone, make/model, when it was provided to Mr. Hurst, and when Mr. Hurst returned this equipment.

22) All information and documentation related to Jamell Hurst working as an Informant previously with Secret Service and with NOPD.

23) All information and documentation relating to the arrest warrant issued in Orleans Parishfor Jamell Hurst for aggravated burglary, that was active when he was arrested in Brazoria County, TX and subsequently signed up as an Informant.

24) All discove1y from Orleans Parish Criminal Court Case #517407 Division H and LA Eastern District Case #2:l 6-cr-30, to which Mr. Ofomata was a codefendant and Mr. Hinton testified that he had trouble obtaining.

25) Copy of Search Warrant (including Affidavit in support for Application) for Lydell Hinton's studio/ home.

26) Documents, pictures and paperwork listing all items seized during execution of SearchWarrant for Lydell Hinton's home.

27) Documents, information, reports or similar for all evidence seized from and/ or attributedto Lydell Hinton.

28) For all firearms and ammunition which were seized, owned or attributed to the individuals involved in or arrested in connection with NOPD item #B-10192-16/ LAED Case #2:16-cr-29, all reports of testing, examination and results, including NIBIN reports, IBIS reports, ballistic and firearms testing/ results, ATF trace reports, police reports, reports related to DNA and print testing, or similar from both LSP and NOPD.

29) Extractions, including PDFs of extraction reports, Logical Extractions, Physical Extractions, and File system extractions, from all electronic devices

seized, reviewed or attributed to a defendant or witness or related party in this matter.

30) All correspondence and documentation with PALANTIR TECHNOLOGIES INC. predictive crime reporting related to this case or any co-defendants.

31) Copy of all footage captured at the Chase Bank by Brandon Terrell and Matt Gorden on 12-18-2013, whose scene assignment is listed as "First 48" (Bates #033073-033074). Also copy any additional footage captured by *The First 48* camera crews related to investigating this incident.

32) NOPD Complete Master file/ detectives case file of the 12-18-2013 Robbery Homicide/L-24488-13.

33) Copy of logbook at NOPD headquarters and interview room for 12-18-2013.

34) Chain of custody for all items in possession of NOPD for firearms testing for case #L- 24488-13 or #B-10192-16 or #D-05086-16 or others related to this case or attributed to any co-defendant.

35) LSP and/ or NOPD reports for development of Latent prints on #1Bl34 (Sixty liverounds with latent prints) and any comparison testing reports.

36) LSP and/ or NOPD reports for preparation/ extraction and testing on 4 swabs of DNA from item #1Bl46, including any CODIS hits.

37) Robert Donnell's statement, recorded or otherwise summarized, of when (according to the government) "Mr. Donnell finds himself at in the FBI agent's office and the photos are on the desk", and "Mr. Donnell asks can he see the photos" (Ms. Reed, 10-30-2019 Hearing Transcript, page 11, Lines 19-20). Note: Mr. Donnell's summary statements which were previously produced could not possibly be this same date, as they do not show Mr. Donnell (1) ever at the FBI offices and (2) pre-date the time Mr. Ofomata and other codefendants were identified as suspects. See 911 Call on 12-18-2013 (Bates #001242), an interview at NOPD headquarters on 12-18-2013 (Bates #000522- 000523), 302 from Telephonic interview on 12-30-2013 and Homicide report (Loomis000029- 30).

38) Copy of statement, recorded or otherwise summarized by 302, which describes that photos were shown to Krystal Moore (Reynolds), as noted by title of file previously produced "052870-052783_Photos of Tahoe Shown Reynolds".

39) A copy of the separate investigative report authored by Agent Elmer, as noted on the last page of the Supplemental Homicide Report where it states "This

investigation is an ongoing joint operation lead NOPD Homicide Detective
Joseph Jefferson and FBI Special Agent Zachary Elmer. A separate
Investigative report authored by Agent Elmer will contain additional
information, not contained in this report... Elmers report will also contain
interview and information gathering on the lead suspects taken from various
sources, and any tasks performed by members of the FBI Violent Crime Task
Force in this Investigation. (#Loomis000111).

Ex. 1 at 11-13. The Government has not *ever* responded in writing to these March 27, 2020
requests, despite reminders on December 18, 2020 and February 5, 2021 that they were still
outstanding. Exs. 4 and 5. **Defense requests that the government be ordered to respond in
writing and produce the discovery sought immediately.**

On March 27, 2020, Mr. Ofomata also requested that the government respond as to
whether all discovery pertaining to alleged 2008 murders and to which he is entitled under Rule
16 and *Brady* has been provided. Ex. 1 at 2-3. The government has not responded to the request,
despite subsequent reminders on December 18, 2020 and February 5, 2021. *See* Exs. 4 and 5.
**Mr. Ofomata requests that the government be ordered to respond to the request in writing
and produce any outstanding materials immediately following the lifting of the stay
recently ordered by the Court.** *See* R. Doc. 1356.

### C. December 18, 2020 New Requests for Discovery

Finally, Mr. Ofomata requested a number of additional Rule 16 discovery items for the
first time on December 18, 2020:

1) Please provide all x-rays and/ or radiographs taken during the post- mortem
   medical examination of Hector Trochez.
   a. According to the testimony of Dr. Erin O'Sullivan at the non-capital
      codefendant's trial on 11-05-2019, "We x-ray homicide cases to determine
      if there's a recoverable bullet. And when he was x-rayed…" [*see Dr.
      O'Sullivan's testimony on 11-05-2019, page 81, lines 3-4*]. Further, the
      Autopsy Protocol of Hector Trochez states "Photographs and radiographs
      of the head and neck are taken. The radiograph of the head shows…" [*see
      LOOMIS000370*].

2) Please provide documents, reports, objects and pictures related to any of these retained specimens. This should also detail the current location and condition of any retained specimens.
   a. According to the Autopsy protocol of Hector Trochez, "The following specimens are retained for further/ future examination: blood, urine, vitreous, liver, and formalin-fixed tissue." [*see LOOMIS000363*].

3) Policies and procedures for any specimens which were retained from the post-mortem examination, including defendant's access to viewing analyzing any retained specimens.

4) Please provide any trajectory diagrams or similar which were created during the post- mortem examination of Hector Trochez.

5) Please provide the entire and complete file, including any notes, photograph logs, or communication, from the post- mortem examination of Hector Trochez not already provided or detailed above.

6) Please provide any and all photographs or visual documentation of the ballistic evidence which were recovered from scene, including any photographs taken during any examination.
   *NOTE:  During the defense evidence review at FBI headquarters in June 2019, the envelopes containing ballistic evidence (1B116, 1B117, 1B118) remained sealed and only the encapsulating envelopes were shown and photographed [see BS 034141- 034165].*

7) Please provide a copy of any notes, including bench notes, taken during the examination of any and all fragments, casings, jackets or ballistic evidence.

8) Please provide the entire case file ("case litigation packet") for any and all firearms or ballistics testing and shooting reconstruction analysis, including any communication or supplemental reports.

9) Please provide FBI's policies and procedures for defendant's access to viewing and analyzing items in evidence, including any ballistic evidence (1B116, 1B117, 1B118).

10) Please provide these NOPD custody receipts of Exhibits 001-009 and 011-034 that should account for time period beginning when evidence was recovered to the date evidence was relinquished to the FBI (May 5, 2015).
   a. According to FBI 302 [Bates 00597 titled "Transfer of Evidence to FBI"] on May 5, 2015, TFO Harris took custody of Exhibits 001- 009 and 011- 034 from NOPD and was furnished with NOPD custody receipts which were then included in the 1A section of this case file.

11) Please provide the entire LSP casefile for case LSP Laboratory Number SP-14869-13 including any photographs, bench notes, communication or supplemental reports.

12) Please provide in their original and native digital format the photographs taken at the crime scene by NOPD (022642-022965), and the photographs from the corner at the crime scene and during the post- mortem examination of Hector Trochez (000376-000433). The government has only provided the files  in .PDF format only.  Please provide these photographs in their *original and native digital file format*, which is described on 302 [see 00600] as being received on 5 disks by FBI from NOPD.

13) Please provide electronic copies, in their native and electronic format, of all 3 disks in FBI Evidence item #1B159.

14) Please provide sufficient summaries of all Government Expert's testimony, if testimony at capital trial will be different from letter dated August 2nd, 2019 and provided to all defendants with CVs for Experts.

15) Please provide all standard operating procedures of protocols which were governing testing that was done by any Expert and any supplementing changes to these procedures and protocols.  This should include all testing from all agencies, including but not limited to, LSP, NOPD, FBI, Coroner's Office and related to all areas of testing including DNA, Latent Prints, ballistics and firearms.

Ex. 4 at 4-7. Mr. Ofomata requested that the government respond by January 4, 2021. *Id*. at 7. He reminded the government of the pending requests on February 5, 2021. Ex. 5. The government has not responded. **Mr. Ofomata requests that the government be ordered to respond and produce the discovery immediately.**

The Court recently stressed that this case *will* proceed to guilt-phase trial on June 7, 2021 unless resolved before then. R. Doc. 1356. That is now less than two months away. Mr. Ofomata cannot adequately prepare for the trial unless all discovery requested is produced immediately.

Respectfully submitted,

/s/ Frank G. Desalvo
Frank G. Desalvo, La. Bar No. 4898
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, LA 70113
(504) 524-4191
frankd@fdesalvo.com

/s/ Michael P. Ciaccio
Michael P. Ciaccio, La. Bar. No. 21428
320 Huey P. Long Avenue
Gretna, Louisiana 70053
mpc@ciaccio-law.com

/s/ Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
2563 Bayou Road, Second Floor
New Orleans, Louisiana 70119
(504) 258-6537
sottinger1010@gmail.com

Counsel for Chukwudi Ofomata

**CERTIFICATE OF COMPLIANCE WITH LOCAL CRIMINAL RULE 12**

I hereby certify that, pursuant to Local Criminal Rule 12, counsel for the government and counsel for Mr. Ofomata have conferred (though not in person due to the COVID-19 pandemic) to attempt to amicably resolve the issues set forth herein and that the parties have been unable to agree to a resolution.

s/ Sarah L. Ottinger
Sarah L. Ottinger

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Sarah Ottinger
SARAH OTTINGER

15